### TIFFIN BUILDING CORPORATION v. BALABAN & KATZ CORPORATION et al.

No. 48 C 1520.

United States District Court
N. D. Illinois, E. D.

Oct. 21, 1949.

Seymour F. Simon, Chicago, Ill., for plaintiff.

Poppenhusen, Johnston, Thompson & Raymond, Chicago, Ill., for defendants Paramount Pictures, Balaban & Katz Corp. and others.

Mayer, Meyer, Austrian & Platt, Chicago, Ill., for defendants Warner Bros., Loew's Inc., and others.

Matthews & Springer, Chicago, Ill., for defendant 20th Century Fox Film Corp.

LA BUY, District Judge.

The complaint herein is brought pursuant to the treble damage section of the Clayton Act, 15 U.S.C.A. § 15, and alleges that defendants during the period January 1, 1941 to May 1, 1945 and prior thereto entered into a conspiracy in violation of the anti-trust laws of the United States which conspiracy resulted in injury to plaintiff's business. The complaint was filed October 18, 1948 and is alleged to be based upon the complaint of the government in United States v. Paramount Pictures et al., D.C. N.Y.1946, 70 F.Supp. 53, affirmed in part and reversed in part 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260.

Defendants plead affirmatively that the Illinois Revised Statutes, Chapter 83, Section 16, bars any recovery sought for injuries suffered more than five years before October 18, 1948.

Plaintiff raises three points to substantiate its right to sue for injuries suffered in 1941 and 1942, but has withdrawn the first basis since its premise is applicable to criminal cases only wherein it is held that the statute does not run until the last act constituting the conspiracy is done; Momand v. Universal Film Exchange, D.C. Mass.1942, 43 F.Supp. 996; and has also temporarily withdrawn its third contention that Section 16 of the anti-trust laws suspends the statute of limitations in this action from July 30, 1938 when the United States filed suit for violation of the anti-trust laws since this suit is based in whole or in part on matter complained of therein for the reason that such contention is premature and is dependent upon evidence to be heard by the court.

If the evidence in this action should not disclose that the suspension provided by Section 16 of the anti-trust laws applies, the parties have requested the court to decide at this time whether Act of Congress, October 10, 1942, Ch. 589, 56 Stat. 781, as amended June 30, 1945, Ch. 213, 59 Stat. 306, 15 U.S.C.A. § 16 note tolled the Illinois statute of limitations as to the plaintiff's rights.

■ It is a rule that where a statute is susceptible on its face of two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the act in question, mischiefs intended to be remedied, and extraneous circumstances and purpose intended to be accomplished thereby, but where the statute is clear upon its face, and standing alone, is fairly susceptible of one construction, that construction must be given thereto. Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers, D.C.Va., 53 F.Supp. 935, certiorari denied 322 U.S. 756, 64 S.Ct. 1267, 88 L.Ed. 1585, reversed 4 Cir., 145 F.2d 10, affirmed 325 U.S. 161, 65 S.Ct. 1063, 89 L. Ed. 1534.

The statute here in question reads as follows: "An Act To suspend until June 30, 1945, the running of the statute of limitations applicable to violations of the anti-trust laws. The running of any existing statute of limitations applicable to violations of the antitrust laws of the United States, now indictable or subject to civil proceedings under any existing statutes, shall be suspended until June 30, 1945, or until such earlier time as the Congress by concurrent resolution, or the President, may designate. This Act shall apply to acts, offenses, or transactions where the existing statute of limitations has not yet fully run, but it shall not apply to acts, offenses, or transactions which are already barred by the provisions of existing laws."

The term which defendant's contend here has a restricted meaning is the term "subject to civil proceedings". Defendants urge that legislative history surrounding the passage of this act shows it was intended to apply only to government proceedings and not to private actions.

■ The anti-trust law envisaged two classes of action: (1) those made available

only to the government, which include criminal prosecutions and suits in equity, and (2) civil suits for treble damages to redress private injury. United States v. Cooper, 1941, 312 U.S. 600, 612, 61 S.Ct. 742, 85 L. Ed. 1071. The term "proceeding" has been used in the anti-trust laws in connection with any suit or proceeding brought by any other party than the government, Section 16, 15 U.S.C.A. and has been used in referring to action by the government, Sections 4, 5, 6, 15 U.S.C.A.

The term "proceeding" in common general usage means a prescribed course of action for enforcing legal rights and remedies according to the regular course of judicial procedure. 34 Words and Phrases, Perm. Ed., p. 83; Webster's International Dictionary.

In United States v. Cooper, supra, the interpretation of the word "person" as excluding the United States from bringing a treble damage suit was considered. Justice Roberts there said, 312 U.S. at page 605, 61 S.Ct. at page 744, 85 L.Ed. 1071: "Decision is not to be reached by a strict construction of the words of the Act, nor by the application of artificial canons of construction. On the contrary, we are to read the statutory language in its ordinary and natural sense, and if doubts remain, resolve them in the light, not only of the policy intended to be served by the enactment, but, as well, by all other available aids to construction. But it is not our function to engraft on a statute additions which we think the legislature logically might or should have made."

See also Durkee Famous Foods v. Harrison, D.C.Ill., 46 F.Supp. 642, affirmed in part and reversed in part 7 Cir., 136 F.2d 303, certiorari denied 320 U.S. 782, 64 S.Ct. 191, 88 L.Ed. 469; Fleming v. A. H. Belo Corp., D.C.Tex., 36 F.Supp. 907, affirmed 5 Cir., 121 F.2d 207, affirmed 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716; Jewell Ridge Coal Corp. v. Local No. 6167, supra.

There is no doubt in the instant case that the ordinary and natural sense of the words "civil proceedings" was to be used and there would be no need to look to the legislative history for aid in interpretation. However, Justice Roberts, after the guide above expressed, did consider the legislative history of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note, and this court will do likewise as to this statute before the court. Defendants in their brief have referred to the reports of the Congressional committees and to letters from the Secretaries of War and Navy and the Attorney General which are directed to support its contention that the purpose of the suspension of the statutes of limitations was directed to criminal or civil prosecutions of the government as a part of the war effort. Though the legislative history presented may through implication be interpreted to accomplish the purpose the defendant urges, it does not disclose any comment or phrase by any of the legislators or proponents thereof which would lead to the inevitable and clear conclusion that its operative effect was to be so restricted. In such a situation, where the purpose and intent of the statute is not negatived or defeated by the ordinary and natural interpretation of the words used, it is presumed the legislators intended them to be interpreted in their usual and accepted sense.

There is no limitation expressed in the legislative history and the words "civil proceedings" should not be restricted in their meaning when neither the statute itself nor the legislative history expresses none. The court is of the opinion the Act of Congress of October 10, 1942 extends to private suits as well as to those brought by the government.

The court has also considered the objections of the defendant Balaban & Katz to interrogatories propounded by the plaintiff on the ground that they are not relevant and are burdensome. These objections are overruled and time in which defendant is to answer should be agreed upon by the parties. An order not inconsistent herewith should be presented for entry to the court within ten days.